1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHNNY L. FRANKLIN, JR.,                    No.  2:14-cv-0057 DAD P

12                  Plaintiff,

13          v.                                     ORDER

14    F. FOULK et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2  1915(b)(2).

3                          **SCREENING REQUIREMENT**

4           The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

6  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9  U.S.C. § 1915A(b)(1) & (2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16 Cir. 1989); Franklin, 745 F.2d at 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21 However, in order to survive dismissal for failure to state a claim a complaint must contain more

22 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28 /////

                                             2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint plaintiff has identified Warden F. Foulk and "medical officials/staffing" as the defendants. Plaintiff's complaint is difficult to decipher. He appears to generally allege, however, that prison officials were deliberately indifferent to his serious medical needs, caused him injury, and denied him physical accommodations. In terms of relief, plaintiff requests a court order. (Compl. at 5.)

**DISCUSSION**

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

3

1    Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

2    the defendants and must allege facts that support the elements of the claim plainly and succinctly.

3    Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

4    with at least some degree of particularity overt acts which defendants engaged in that support his

5    claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

6    8(a)(2), the complaint must be dismissed.  However, the court will grant plaintiff leave to file an

7    amended complaint.

8         If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

9    the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

10   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must

11   allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

12   rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

13   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

14   362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

15   743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

16   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17        Plaintiff's complaint suffers from a number of deficiencies.  First, the court observes that

18   plaintiff does not appear to have named the proper defendants in this action.  For example,

19   plaintiff has named Warden Foulk as a defendant.  However, plaintiff has not alleged what

20   specific acts the warden engaged in to violate his constitutional rights.  As noted above,

21   supervisory personnel are generally not liable under § 1983 for the actions of their employees

22   under a theory of respondeat superior and, therefore, when a named defendant holds a

23   supervisorial position, the causal link between him and the claimed constitutional violation must

24   be specifically alleged.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisory

25   defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal

26   involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

27   supervisor's wrongful conduct and the constitutional violation.'") (quoting Hansen v. Black, 885

28   F.2d 642, 646 (9th Cir. 1989)).  In addition, plaintiff has named in his complaint "medical

4

1    officials/staffing" as defendants.  However, the court will not be able to serve any defendant who

2    is not actually named in plaintiff's complaint.

3          Turning now to his substantive claims, plaintiff is advised that if he wishes to proceed on

4    a claim that he has received constitutionally inadequate medical care he will need to allege in

5    specific terms how any named defendants were "deliberately indifferent" to his serious medical

6    needs in either denying or providing inadequate medical care to him.  See Estelle v. Gamble, 429

7    U.S. 97, 106 (1976) (inadequate medical care did not constitute cruel and unusual punishment

8    cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to

9    serious medical needs.").  In this regard, in any amended complaint, plaintiff should clarify what

10   his serious medical needs are and explain how defendants' response to plaintiff's needs rose to

11   the level of "deliberate indifference."

12         Plaintiff is also cautioned that deliberate indifference is "a state of mind more

13   blameworthy than negligence" and "requires 'more than ordinary lack of due care for the

14   prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Before it can be

15   said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must

16   be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

17   cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429

18   U.S. at 105-06).  Likewise, a mere disagreement between plaintiff and defendants as to how

19   defendants provided him with medical care fails to state a cognizable § 1983 claim.  See Toguchi

20   v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330,

21   332 (9th Cir. 1996).

22         Plaintiff is informed that the court cannot refer to a prior pleading in order to make

23   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

24   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

25   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

26   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

27   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

28   and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  May 28, 2014

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
fran0057.14a

6