UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. FRANKLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>F. FOULK et al.,<br><br>  Defendants. | No. 2:14-cv-0057 KJM DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Dr. Syverson. Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendants Dr. Syverson, Warden Foulk, Officer Kelsey, Nurse Ray, Chief Zamora, Dr. Rohlfing, Chief Medical Executive Swingle, and Chief Physician and Surgeon Lee.[1] In his amended complaint plaintiff alleges that

---

[1] Defendants Warden Foulk, Officer Kelsey, Nurse Ray, Chief Zamora, Dr. Rohlfing, Chief Medical Executive Swingle, and Chief Physician and Surgeon Lee are represented by separate counsel in this action. The counsel for defendants Foulk, Kelsey, Ray, and Zamora have also filed a motion to dismiss on behalf of those defendants, which the court will address in separate findings and recommendations. Defendants Lee, Rohlfing, and Swingle have filed an answer to the complaint.

1

he has long suffered from skin and rectal conditions, and defendants have been deliberately indifferent to his medical needs. Specifically, plaintiff alleges that defendant Dr. Syverson performed three procedures on him in connection with his hemorrhoids, and that due to the defendant Dr. Syverson's repeat failure to correct plaintiff's medical condition; plaintiff has suffered bleeding of the rectum, leakage, and pain when sitting. Plaintiff also alleges that defendant Dr. Syverson failed to follow-up on a medication and medical appliance order, which caused plaintiff additional pain and suffering. (Am. Compl. at 12-13.)

**ANALYSIS**

I. Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Discussion

In the pending motion to dismiss, counsel for defendant Dr. Syverson argues that plaintiff has failed to plead sufficient facts to state a cognizable Eighth Amendment deliberate indifference claim against Dr. Syverson. (Def.'s Mot. to Dismiss (Doc. No. 24) at 4-7.) Upon further review of plaintiff's amended complaint and the exhibits attached thereto, and for the reasons set forth below, the court finds that argument to be persuasive.

To maintain an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must allege facts showing "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Liberally construing plaintiff's amended complaint as required, the court nonetheless finds that it fails to allege sufficient facts to plausibly suggest that plaintiff is entitled to relief under the Eighth Amendment. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Specifically, while plaintiff alleges that he had a serious medical need, he has failed to allege how defendant Dr.

1 Syverson's conduct rose to the level of deliberate indifference to that serious medical need. See
2 McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991) ("A defendant must purposefully
3 ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate
4 indifference to be established."), overruled on other grounds by WMX Techs., Inc. v. Miller, 104
5 F.3d 1133 (9th Cir. 1997).

6 In his amended complaint, plaintiff alleges that defendant Dr. Syverson failed to correct
7 plaintiff's hemorrhoid medical condition and failed to follow-up on a medication and medical
8 appliance order. (Am. Compl. at 12-13.) According to plaintiff's medical records, which
9 plaintiff has attached to his amended complaint, defendant Dr. Syverson performed a stapled
10 hemorrhoidopexy on plaintiff on December 18, 2012. Six weeks after performing the procedure,
11 defendant Dr. Syverson determined that plaintiff had developed stenosis or narrowing of the anal
12 rectum. Defendant Dr. Syverson was not able to perform a dilation of the stricture in the office
13 due to plaintiff's discomfort. Accordingly, on February 7, 2013, Dr. Syverson performed the
14 dilation while plaintiff was under anesthesia and widened the stricture from 6 or 7 mm to 1.5 cm.
15 At a follow-up medical appointment on March 18, 2013, defendant Dr. Syverson discussed with
16 plaintiff at length the expectation that plaintiff should experience a gradual improvement of his
17 symptoms, which plaintiff understood, and he recommended further watchful waiting and that
18 plaintiff return to see him within a month. On May 14, 2013, defendant Dr. Syverson performed
19 a second dilation while plaintiff was under anesthesia and widened a stricture from 11 mm to 25
20 or perhaps 27 mm. (Am. Compl. Exs. X, F1 & G1.)

21 Plaintiff argues in his opposition to the pending motion to dismiss that the procedures
22 performed by defendant Dr. Syverson's should have corrected his condition. However, the mere
23 fact that plaintiff developed complications after his stapled hemorrhoidopexy does not, in and of
24 itself, mean that defendant Dr. Syverson was deliberately indifferent to his serious medical needs.
25 See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (deliberate indifference to a medical need is
26 shown when a prison official knows that an inmate has a serious medical need and disregards that
27 need by failing to respond reasonably); see also Robinson v. Kitt, No. 1:14-cv-01525 JLT (PC),
28 2014 WL 5472578 at * 4 (E.D. Cal. Oct. 28, 2014) (finding that the plaintiff failed to state a

1    cognizable claim for deliberate indifference based on a double vision complication that resulted
2    after the defendant doctor performed surgery to remove plaintiff's nasal polyps); Mayer v. Redix,
3    No. EDCV 12-515 DMG (OP), 2014 WL 4258704 at *13 (C.D. Cal. Aug. 26, 2014) ("[T]o the
4    extent Plaintiff alleges Eighth Amendment violations against Defendant Redix for failing to
5    competently perform the first surgery, Plaintiff shows nothing more than potential negligence or
6    medical malpractice, which is insufficient to support an Eighth Amendment claim.").

7        An examination of his medical records, which plaintiff attached to his amended
8    complaint, makes it clear that defendant Dr. Syverson treated plaintiff's serious medical condition
9    and repeatedly addressed the subsequent complications suffered by plaintiff. In this regard, even
10   accepting as true plaintiff's material allegations and construing those allegations and the
11   reasonable inferences that can be drawn from them in the light most favorable to the plaintiff, the
12   undersigned concludes that plaintiff has not alleged sufficient facts to suggest that this is a case
13   where the defendant doctor purposefully ignored, delayed, or failed to respond to plaintiff's
14   medical needs in connection with his stapled hemorrhoidopexy. In addition, even accepting as
15   true plaintiff's allegation that defendant Dr. Syverson did not follow-up on a medication and
16   medical appliance order to ensure that defendants Rohlfing, Lee, and Swingle had complied with
17   that order, it is clear that plaintiff has not alleged sufficient facts to suggest that defendant Dr.
18   Syverson acted with deliberate indifference.

19       At most, to the extent that defendant Dr. Syverson's treatment of plaintiff could be
20   deemed inadequate or ineffective, it could only be said to have risen to the level of negligence or
21   medical malpractice but not deliberate indifference. Of course, it is well established that "[m]ere
22   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
23   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at
24   105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
25   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
26   Amendment rights."); McGuckin, 974 F.2d at 1059 (an "isolated occurrence" or "isolated
27   exception" to a defendant's overall treatment militates against finding deliberate indifference);
28   Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate

indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.").

The Supreme Court has made clear that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawful. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. (internal citations and quotations omitted)

Iqbal, 556 U.S. at 678. Here, plaintiff's allegations concerning the medical treatment defendant Dr. Syverson provided him simply "do not allow the court to infer more than the mere possibility of misconduct." Id. at 679. See also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (the court is not required to "accept as true allegations that are merely conclusory, require unwarranted deductions or unreasonable inferences.") (internal quotations omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001). The allegations of plaintiff's amended complaint, including the medical records attached thereto, as to defendant Dr. Syverson's actions have not "nudged [his] claims across the line from conceivable to plausible." Bell Atlantic, 550 U.S. at 570.

Accordingly, for all of the foregoing reasons, the undersigned concludes that defendant Dr. Syverson's motion to dismiss should be granted.

III. The Complaint Should Be Dismissed Without Leave to Amend

Plaintiff is proceeding on an amended complaint. Plaintiff's original complaint was dismissed with leave to amend and he was at that time provided with the legal standards which govern the constitutional claim that he is attempting to pursue in this action. The undersigned concludes that, having already been given the opportunity to do so, plaintiff cannot cure the deficiencies of his amended complaint, and for the reasons discussed above, at most plaintiff's allegations as to defendant Dr. Syverson if proven would not establish anything more than negligence or medical malpractice and fall short of satisfying the deliberate indifference standard.

Where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

**OTHER MATTERS**

Defendant Dr. Syverson recently filed a motion for summary judgment addressing the merits of plaintiff's claims. In light of these findings and recommendations recommending that defendant Dr. Syverson's motion to dismiss be granted, the court will recommend that defendant Dr. Syverson's motion for summary judgment be denied as having been rendered moot.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's Dr. Syverson's motion to dismiss (Doc. No. 24) be granted;

2. Defendant Dr. Syverson's motion for summary judgment (Doc. No. 46) be denied as having been rendered moot; and

3. Defendant Dr. Syverson be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

/////
/////
/////
/////

7

1  are advised that failure to file objections within the specified time may waive the right to appeal
2  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: June 23, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
fran0057.57syv