UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. FRANKLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>F. FOULK et al.,<br><br>    Defendants. | No. 2:14-cv-0057 KJM DAD P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on behalf of defendants Foulk, Kelsey, Ray, and Zamora.  Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendants Warden Foulk, Officer Kelsey, Nurse Ray, Chief Zamora, Dr. Syverson, Dr. Rohlfing, Chief Medical Executive Swingle, and Chief Physician and Surgeon Lee.[1]  In his amended complaint plaintiff alleges that

---

[1] As noted above, defense counsel has filed this motion to dismiss on behalf of defendants Foulk, Kelsey, Ray, and Zamora.  Counsel has filed an answer to the amended complaint on behalf of defendants Lee, Rohlfing, and Swingle.  Defendant Dr. Syverson is represented by separate counsel and has also filed a motion to dismiss, which this court will address in separate findings and recommendations.

1

1  he has long suffered from skin and rectal conditions, and defendants have been deliberately
2  indifferent to his medical needs with regard to those conditions.  Specifically, plaintiff alleges that
3  he informed defendant Warden Foulk of his medical conditions, particularly his extensive
4  hemorrhoid problems, by filing an inmate appeal in which he requested a transfer to a medical
5  facility, but that defendant Warden Foulk refused to transfer him and failed to order his medical
6  staff to treat him effectively.  (Am. Compl. 4-5.)

7       Plaintiff also alleges that he informed defendant Zamora of his medical conditions,
8  including his ongoing bleeding, his two failed surgical procedures, and his inability to sit for any
9  period of time, by filing an inmate appeal, but that she never provided plaintiff any medical
10 treatment or assistance.  (Am. Compl. at 10-11.)

11      Finally, plaintiff alleges that he requested that defendants Kelsey and Ray renew his "lay-
12 in" chrono that permitted him to eat in his cell rather than having to sit in the dining hall, but that
13 they refused to do so.  According to the allegations of the amended complaint, defendant Ray
14 asked defendant Kelsey to help with the renewal of plaintiff's "lay in" chrono, but defendant
15 Kelsey told defendant Ray to remove the lay-in provision from plaintiff's chrono because unit
16 staff was tired of feeding plaintiff in his cell.  Plaintiff alleges that he repeatedly asked defendant
17 Ray to review the previous chronos issued by his primary care physician, but defendant Ray
18 deferred to defendant Kelsey, forcing plaintiff to eat in the dining hall.  (Am. Compl. at 13-15.)

19                                                              **ANALYSIS**
20 I. Motion Pursuant to Rule 12(b)(6)
21      A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
22 tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578,
23 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack
24 of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
25 theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also
26 Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive
27 dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of
28 ////

the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Discussion

In the pending motion to dismiss, defense counsel argues that plaintiff has failed to plead sufficient facts to state a cognizable Eighth Amendment deliberate indifference claim against defendants Foulk, Zamora, Kelsey, and Ray.  (Def.'s Mot. to Dismiss (Doc. No. 23) at 6-14.)  Upon further review of plaintiff's amended complaint and the exhibits attached thereto, the undersigned finds defense counsel's argument that plaintiff's claims against defendants Foulk and Zamora should be dismissed to be persuasive.  However, the undersigned also finds that plaintiff's amended complaint states a cognizable deliberate indifference claim under the Eighth Amendment against defendants Kelsey and Ray.

To maintain an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must allege facts showing "deliberate indifference to serious medical needs."  Estelle v.

Gamble, 429 U.S. 97, 104 (1976).  In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Liberally construing plaintiff's amended complaint as required, the undersigned nonetheless concludes that plaintiff has failed to allege sufficient facts regarding the conduct of defendants Foulk and Zamora to plausibly suggest that he is entitled to relief under the Eighth Amendment against those defendants.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Specifically, while plaintiff has alleged that he has a serious medical need, he has failed to allege how the conduct of defendants Foulk and Zamora rose to the level of deliberate indifference to that serious medical need.  See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Plaintiff alleges in his amended complaint that defendant Foulk refused to transfer him to a medical facility and failed to order prison medical staff to provide plaintiff with effective treatment after plaintiff informed Warden Foulk of his medical needs through the inmate appeals process.  (Am. Compl. at 4-5.)  Plaintiff alleges that defendant Zamora failed to provide him with medical care after he informed Zamora of his medical needs also through the inmate appeals process.  (Id. at 10-11.)  Without more, plaintiff's allegations against defendants Foulk and Zamora do not allege a cognizable claim for relief under § 1983.

/////

As an initial matter, prison officials are not required to process inmate appeals in a specific way or to respond to them in a favorable manner. Even if defendants Foulk and Zamora denied plaintiff's inmate appeal, they have not deprived him of a federal constitutional right. This is because it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

The undersigned also concludes that plaintiff has not alleged sufficient facts to suggest that defendants Foulk and Zamora denied his inmate appeal in an effort to deny, delay, or interfere with the treatment of his serious medical needs. See McGuckin, 974 F.2d at 1059-60. Instructive in this regard is Gilbert v. Yates, No. 1:09cv02050 AWI DLB, 2010 WL 5113116 (E.D. Cal. Dec. 9, 2010), aff'd No. 11-15576, 2012 WL 3026241 (9th Cir. July 25, 2012).[2] In that case a prisoner-plaintiff proceeding through counsel sued various prison medical officials who reviewed and denied his inmate appeal requesting a medical transfer based on his Valley Fever diagnosis. Id. at *2. The prisoner-plaintiff also sued the warden of the prison, claiming that the warden improperly refused to order plaintiff's transfer to another prison. Id. The district court concluded that plaintiff failed to state a cognizable claim for deliberate indifference against

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

the defendants who participated in the inmate appeals process at the first, second, and director's levels of review because they merely reviewed his inmate appeal and found that he was not eligible for a transfer. Id. at *3-5. Plaintiff's disagreement with that determination, without more, failed to support an Eighth Amendment claim. Id. As to the warden, the court determined that plaintiff was improperly trying to hold the warden liable for actions of subordinates who reviewed and denied plaintiff's inmate appeal. Id. at *5. The court further determined that there was no other basis for liability against the warden. Id.

The Ninth Circuit Court Appeals affirmed the decision in Gilbert and explained that the district court properly dismissed the civil rights action because the prisoner had not alleged facts suggesting the defendants acted with deliberate indifference. See Gilbert, No. 11-15576, 2012 WL 3026241 at *1. The Ninth Circuit noted with parenthetical citations that a difference of medical opinion and medical malpractice are insufficient to establish deliberate indifference and that supervisory liability without overt personal participation exists only when the supervisor implements a policy that repudiates constitutional rights and is the moving force behind a constitutional violation. Id. The Ninth Circuit also determined that the district court did not abuse its discretion in dismissing the amended complaint without leave to amend because the court had previously granted plaintiff leave to amend. Id.

Here, plaintiff's allegations against defendants Foulk and Zamora are similar to the facts alleged by the plaintiff in Gilbert. The undersigned concludes that plaintiff has failed to state a cognizable claim against defendant Foulk based merely on his supervisory role as a warden. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff has not alleged a sufficient causal connection between defendant Foulk's conduct and the alleged constitutional deprivations. In addition, the undersigned finds that plaintiff fails to state a cognizable claim against defendants Foulk and Zamora for denying plaintiff's inmate appeal. Insofar as the defendants committed any wrongdoing in denying those inmate appeals, at most, it would constitute negligence. Prison officials who are merely negligent or even grossly negligent, however, will not be found to have violated the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). See also Burnett v. Faecher, No. CV 08-2745

1   PSG (MLG), 2008 WL 4821092 (C.D. Cal. Oct. 24, 2008) (even if defendants reviewing an

2   inmate appeal were misinformed about plaintiff's medical needs being met, the defendants were

3   not personally involved in the constitutional violation and cannot be held liable under § 1983).

4   The Supreme Court has made clear that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawful. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. (internal citations and quotations omitted)

Iqbal, 556 U.S. at 678. Here, plaintiff's allegations regarding the conduct of defendants Foulk and Zamora simply "do not allow the court to infer more than the mere possibility of misconduct." Id. at 679. See also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (the court is not required to "accept as true allegations that are merely conclusory, require unwarranted deductions or unreasonable inferences.") (internal quotations omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001). In other words, the allegations of plaintiff's amended complaint as to the conduct of defendants Foulk and Zamora have not "nudged [his] claims across the line from conceivable to plausible." Bell Atlantic, 550 U.S. at 570.

Accordingly, defendants' motion to dismiss plaintiff's claims against defendants Foulk and Zamora should be granted. In addition, where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot be cured by further amendment, dismissal without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

Turning now to defendants Ray and Kelsey, liberally construing plaintiff's amended complaint as required, the undersigned finds that plaintiff's complaint alleges sufficient facts

1  regarding the conduct of these defendants to plausibly suggest that he is entitled to relief under
2  the Eighth Amendment. See Iqbal, 556 U.S. at 678. Specifically, plaintiff alleges that defendants
3  Ray and Kelsey refused to renew his "lay in" chrono consistent with his primary care physician's
4  orders. (Am. Compl. at 13-15.) According to plaintiff's amended complaint, these defendants
5  refused to renew this provision of his medical chrono because unit staff was simply tired of
6  feeding him in his cell. (Id. at 13.) Plaintiff in this way alleges that the defendants refused to
7  treat him without any medical justification.

8  Deliberate indifference may be manifested by prison officials when they intentionally
9  deny or delay access to medical care or intentionally intervene with treatment once prescribed.
10 See Estelle, 429 U.S. at 104-05. Taking as true plaintiff's allegations at this stage of the
11 proceedings, plaintiff has adequately alleged that he had a serious medical need and that
12 defendants Ray and Kelsey's conduct rose to the level of deliberate indifference to that serious
13 medical need. See McGuckin, 974 F.2d at 1059-60; Randolph v. Nix, No. 1:12-cv-00392 LJO
14 MJS (PC), 2013 WL 4676580 (E.D. Cal. Aug. 20, 2013) (plaintiff's allegations that defendants
15 refused to investigate, renew, or terminate a lower bunk chrono without medical justification
16 stated a cognizable claim for deliberate indifference); Burnett v. Faecher, No. CV 08-2745 PSG
17 (MLG), 2008 WL 4821092 (C.D. Cal. Oct. 24, 2008) (plaintiff's allegations that defendants
18 refused to provide him with a lower bunk chrono or follow the chrono given by prior physicians
19 because "correctional does not want us to [i]ssue inmates lower bunk lower tier chrono[s]" states
20 a cognizable claim for deliberate indifference); see also Jackson v. Carey, 353 F.3d 750, 755 (9th
21 Cir. 2003) ("[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant
22 is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the
23 pleadings that a recovery is very remote and unlikely but that is not the test.").

24 Accordingly, defendants' motion to dismiss plaintiff's claims against defendants Ray and
25 Kelsey should be denied.

26 **OTHER MATTERS**

27 Defense counsel on behalf of defendants Foulk, Kelsey, Ray, Zamora, Rohlfing, Swingle,
28 and Lee has also filed a motion seeking to modify the scheduling order in this action.

Specifically, counsel has requested additional time to file a dispositive motion addressing plaintiff's claims on the merits should this motion to dismiss not prove to be dispositive. Good cause appearing, the undersigned will grant defendants up to and including August 7, 2015, to file a dispositive motion. In the event that the assigned District Judge has not conducted a review of these findings and recommendations by then, defense counsel may file a request for additional time in which to file a dispositive motion.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order (Doc. No. 43) is granted; and

2. Defendants shall file a dispositive motion on or before August 7, 2015.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 23) be granted in part and denied in part as follows:

    a. Defendants' motion to dismiss plaintiff's claims against defendants Foulk and Zamora be granted; and

    b. Defendants' motion to dismiss plaintiff's claims against defendants Ray and Kelsey be denied.

2. Defendants Foulk and Zamora be dismissed from this action; and

3. Within thirty days of any order adopting these findings and recommendations, defendants Ray and Kelsey be directed to file an answer in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

/////

/////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
fran0057.57state