UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. FRANKLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. FOULK, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-00057 KJM DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983 alleging each defendant was deliberately indifferent to his serious medical needs while he was incarcerated at High Desert State Prison (HDSP). Pending before the court is defendants Kelsey, Ray, Rohlfing, Swingle, and Lee's motion for summary judgment for plaintiff's alleged failure to exhaust his available administrative remedies. (ECF No. 71.) Plaintiff filed an opposition to the motion (ECF No. 76) and defendant filed a reply (ECF No. 77).

For the reasons outlined below, the undersigned respectfully recommends that the district court grant in part and deny in part defendants' motion for summary judgment for failure to exhaust administrative remedies.

**I.  Factual Background**

Plaintiff is proceeding on his first amended complaint (FAC) against defendants Kelsey, Ray, Rohlfing, Swingle, and Lee. (ECF No. 14.) While housed at HDSP, plaintiff alleges that he

1

1  has endured chronic skin and rectal conditions that the defendants have treated with deliberate
2  indifference.  (Id. at 6-7.)  Defendant Kelsey is a correctional officer at HDSP, defendant Ray is
3  a registered nurse at HDSP, and defendants Rohlfing, Swingle and Lee are physicians at HDSP.
4  (Id. at 5-6.)  Plaintiff alleges that from January 4, 2008 through the present, he has suffered
5  through intense pain from numerous conditions including dermatological issues to rectal bleeding
6  and hemorrhoid pain.  (Id. at 8-10.)  The FAC includes a two-page list of conditions and dates of
7  treatment culled from plaintiff's medical records.  (Id.)

8  Plaintiff alleges that defendant Rohlfing was his primary care physician on numerous
9  occasions.  Plaintiff claims that defendant Rohlfing inadequately examined and treated him,
10 constituting deliberate indifference.  (Id. at 10-11.)  Plaintiff contends that defendant Lee -- the
11 chief physician and surgeon at HDSP -- performed procedures on plaintiff after inadequate
12 medical examinations, resulting in ineffective treatment for plaintiff's numerous conditions.  (Id.
13 at 11-12.)  Plaintiff also alleges that defendant Lee participated in the denial of his inmate
14 grievances.  Defendant Swingle, as the Chief Medical Executive at HDSP, reviewed plaintiff's
15 inmate grievances and allegedly acted with deliberate indifference by not adequately addressing
16 the deliberate indifference of the treating physicians.  (Id. at 12.)  Plaintiff alleges that on June 9,
17 2013, defendants Kelsey and Ray interfered with the orders of physicians at HDSP, which
18 resulted in plaintiff suffering from pain and rectal bleeding.  (Id. at 16-17.)

19 Plaintiff does not dispute any portion of defendants' statement of undisputed facts (ECF
20 No. 71-2) concerning plaintiff's inmate grievances filed with HDSP.  (ECF No. 76 at 2, 11-19.)
21 Accordingly, the court adopts those facts as follows:

22 The records of HDSP reflect a total of eleven health care appeals for plaintiff: HDSP-HC-
23 11024841, HDSP-HC-11025059, HDSP-HC-11025175, HDSP-HC-12026681, HDSP-HC-
24 13026983, HDSP-SC-13000291, HDSP-HC-13027578, HDSP-SC-13000309, HDSP-HC-
25 13027756, HDSP-ADA-14001280, and HDSP-HC-14028007.

26 Appeal HDSP-HC-11024841 alleges that Physician's Assistant Miranda engaged in
27 various acts or omissions that amounted to deliberate indifference to plaintiff's medical needs; it
28 ////

2

makes no mention of any of the defendants. In any event, the appeal was rejected because it was submitted on the wrong form.

Appeal HDSP-HC-11025059 alleges that Physician's Assistant Miranda engaged in various acts or omissions that amounted to deliberate indifference to plaintiff's medical needs. It makes no mention of any of the defendants.

Appeal HDSP-HC-11025175 was found to be duplicative of previously-filed appeals and screened-out.

Appeal HDSP-HC-12026681 is a request by plaintiff to see a specialist in a timely manner. And while plaintiff does state that "these physicians here are indifferent towards my serious medical needs," he does not mention any of the defendants, nor describe any act or omission of any of the defendants.

Appeal HDSP-HC-13026983 is a request to be transferred to a medical facility. Plaintiff does not mention any of the defendants in this action, nor allege that any of the defendants refused or otherwise failed to properly treat him.

Appeal HDSP-SC-13000291 is a staff complaint against nurse Pearsall (not a defendant here), in which plaintiff alleges that she was retaliating against him and failing to properly implement the physician's orders. The appeal does not mention any of the defendants in this action, nor allege that any of the defendants refused or otherwise failed to properly treat him.

Appeal HDSP-HC-13027578 is entitled "medical issues." In it, plaintiff provides a summary of his ongoing medical issues and treatment. He also alleges that an unidentified staff member was threatening him with a rules violation if he continued to request medical appointments. The appeal does not mention any of the defendants in this action, nor allege that any of the defendants refused or otherwise failed to properly treat him.

Appeal HDSP-SC-13000309 is essentially identical to that of HDSP-HC-13027578, and does not mention any of the defendants in this action, nor allege that any of the defendants refused or otherwise failed to properly treat him.

////

////

1      Appeal HDSP-HC-13027756 is a request to be cell fed. It does not mention any of the
2  defendants in this action, nor allege that any of the defendants refused or otherwise failed to
3  properly treat him.
4      Appeal HDSP-ADA-14001280 is identical to HDSP-HC-13027756, re-numbered as an
5  ADA appeal.  It is a request to be cell fed and does not mention any of the defendants in this
6  action, nor allege that any of the Defendants refused or otherwise failed to properly treat him.
7      Appeal HDSP-HC-14028007 is an appeal in which plaintiff requests pads that can be
8  worn underneath his underwear, and also to see a skin specialist.  The appeal does not mention
9  any of the defendants in this action, nor allege that any of the defendants refused or otherwise
10 failed to properly treat him.
11     A decision at the third and final level of review was issued for four of these health care
12 appeals: HDSP-HC-11025059, HDSP-HC-12026681, HDSP-HC-13026983, and HDSP-SC-
13 13000309.
14     The Director's Level Appeal Decision for Appeal HDSP-HC-11025059 was issued March
15 28, 2012.  The Director's Level Appeal Decision for Appeal HDSP-HC-12026681 was issued
16 August 23, 2013.  The Director's Level Appeal Decision for Appeal HDSP-HC-13026983 was
17 issued August 23, 2013.  The Director's Level Appeal Decision for Appeal HDSP-SC-13000309
18 was issued April 7, 2014.
19     Plaintiff submitted two non-medical appeals that were accepted for review by HDSP:
20 HDSP-12-00197 and HDSP-13-03479.  Appeal HDSP-12-00197 does not name or identify any
21 defendant, nor does it involve plaintiff's medical issues or treatment.  Appeal HDSP-13-03479
22 does not name or identify any defendant, nor does it involve plaintiff's medical issues or
23 treatment.  The Third Level Appeal Decision for Appeal HDSP-12-00197 was issued on or about
24 August 2, 2012.  No Third Level Appeal Decision for Appeal HDSP-13-03479 was ever issued.
25     Plaintiff filed this action in federal court on January 9, 2014.  (ECF No. 1.)
26 **II.    Legal Standard**
27     By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. §
28 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section

4

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n. 6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review.  See id. § 3084.7.  The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. § 3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him.  See

1  Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014).  For example, where prison officials
2  improperly screen out inmate grievances, they can render administrative remedies effectively
3  unavailable.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the
4  inmate cannot pursue the necessary sequence of appeals[.]"  Id.  See also Nunez v. Duncan, 591
5  F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was
6  precluded from exhausting his administrative remedies by a warden's mistaken instruction to him
7  that a particular unavailable document was needed for him to pursue his inmate appeal); Marella,
8  568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the
9  necessary grievance forms to timely file his grievance).

10       The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative
11  defense that defendants must plead and prove.  See Jones, 549 U.S. at 216 ("[I]nmates are not
12  required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at
13  1168.  A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n
14  the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint.  Albino,
15  747 F.3d at 1168 & 1169.  More typically, defendants are required to move for summary
16  judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a
17  prisoner's failure to exhaust.  See id. at 1166.  If the undisputed evidence viewed in the light most
18  favorable to the prisoner demonstrates a failure to exhaust, the court should grant defendant's
19  motion for summary judgment.  On the other hand, if there are material facts in dispute, the court
20  should deny defendant's motion summary judgment.  See id.

21  **III.    Legal Analysis**

22       **A.    Claims against Defendants Lee and Swingle**

23       While plaintiff does not contest that his grievances fail to name any defendants, he relies
24  upon Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016), arguing that he was not required to
25  individually name defendants Lee and Swingle because they were aware of his medical issues
26  given their positions as supervisors over medical staff who reviewed and denied his inmate
27  grievances.
28  ////

1    Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for
2    which redress is sought." Sapp, 623 F.3d at 824 (quoting Griffin v. Arpaio, 557 F.3d 1117, 1120
3    (9th Cir. 2009)). The grievance "need not include legal terminology or legal theories," because
4    "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its
5    resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120. The grievance
6    process is only required to "alert prison officials to a problem, not to provide personal notice to a
7    particular official that he may be sued." Jones, 549 U.S. at 219 (citations omitted).
8    In Reyes, the Ninth Circuit held "that a prisoner exhausts 'such administrative remedies as
9    are available,' 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural
10   rule if prison officials ignore the procedural problem and render a decision on the merits of the
11   grievance at each available step of the administrative process." 810 F.3d at 658. Furthermore,
12   the court in Reyes found that even though the plaintiff's grievance failed to name two physicians
13   on the prison's three-person pain committee, prison officials were put on notice of the nature of
14   the wrong alleged in the suit -- that the plaintiff was wrongfully denied pain medication. Id. at
15   659. Specifically, the Ninth Circuit noted that prison officials cited to the decision of the pain
16   committee multiple times in their decisions on the plaintiff's administrative grievances and were
17   plainly aware that the committee was composed of those two unnamed doctors. Id.
18   Likewise, plaintiff contends that prison officials in this action were on notice that
19   defendants Lee and Swingle were deliberately indifferent because they were medical supervisors
20   who issued signed decisions on plaintiff's grievances. (ECF No. 76 at 7-10.)
21   Under certain circumstances an administrative appellate reviewer can be liable under the
22   Eighth Amendment. See Peralta v. Dillard, 744 F.3d 1076, 1085-85 (9th Cir. 2014); Steinocher
23   v. Smith, No. 2:12–cv–0467, 2015 WL 1238549, *4 (E.D. Cal. Mar. 17, 2015). Ninth Circuit
24   case law holds that when a prisoner is grieving an on-going medical issue, a decision at the third
25   level of appeal serves to exhaust claims regarding that medical issue, including claims against
26   individuals who only acted as an administrative appellate reviewer. See Garbarini v. Ulit, No.:
27   1:14-cv-1058-AWI-SAB, 2017 WL 531911, *2-3 (E.D. Cal. Feb. 9, 2017); Steinocher, 2015 WL
28   1238549; Gonzalez v. Ahmed, 67 F. Supp. 3d 1145, 1153-54 (N.D. Cal. 2014); Lopez v. Florez,

1   No. 1:08–cv–01975–LJO–JLT, 2012 WL 3778858, *4-5 (E.D. Cal. Aug. 31, 2012); Victory v.
2   Barber, No. 1:05–cv–01578–LJO–DLB, 2009 WL 2986418, *9 (E.D. Cal. Sept. 16, 2009); Lewis
3   v. Naku, No. CIV S-07-0090 RRB DAD, 2007 WL 3046013, *4-6 (E.D. Cal. Oct.
4   18, 2007).  This is consistent with Reyes in that Reyes challenged the continued denial of certain
5   pain medications throughout the grievance appellate process.  See Reyes, 810 F.3d at 657-59.
6         Appeal HDSP-HC-11025059 concerns physician assistant Miranda's alleged failure to
7   properly treat plaintiff's skin condition.  (ECF No. 71-3 at 21-28.)  Defendants Lee and Swingle
8   were involved in reviewing this grievance: defendant Lee at the first level, and defendant Swingle
9   at the second level.  (Id.)  Appeal HDSP-HC-12026681 alleges generally that physicians were
10  deliberate to his serious medical needs and specifically refers to blood in plaintiff's stool.  (Id. at
11  38-44.)  Defendants Lee and Swingle participated in the review of this appeal at the first and
12  second levels.  (Id.)  Both of these appeals were exhausted through the third level of review, and,
13  together, they encompass the two chronic ailments that plaintiff's FAC alleges were treated with
14  deliberate indifference.  (Id. at 21-28, 38-44.)  Pursuant to Reyes, and consistent with the district
15  court cases listed above, these grievances addressed ongoing medical issues and were exhausted
16  as to defendants Lee and Swingle's denials of plaintiff's appeals.
17        The failure of plaintiff to file a separate grievance against defendants Lee and Swingle
18  does not negate the effects of cases like Reyes, Garbarini, Steinocher, Gonzalez, and Victory on
19  the grievances that plaintiff filed.  Defendants arguments do not show that plaintiff actually failed
20  to exhaust his administrative remedies.  Accordingly, the motion for summary judgment should
21  be denied as to defendants Lee and Swingle.
22        **B.     Claims against Defendant Rohlfing**
23        As noted above, appeal HDSP-HC-12026681 alleges generally that physicians were
24  deliberate to plaintiff's serious medical needs and specifically refers to blood in plaintiff's stool.
25  (ECF No. 71-3 at 38-44.)  In this grievance, plaintiff requests to see a specialist because the
26  physicians at HDSP were not adequately addressing his issues.  (Id.)  At the first level of review
27  for this appeal, defendant Rohlfing interviewed plaintiff concerning his complaints, as well as
28  reviewed plaintiff's medical records.  (Id. at 40.)  Additionally, plaintiff's medical records from

1  2012 indicate that he was seen by defendant Rohlfing for the same problem that is the subject of
2  HDSP-HC-12026681. (ECF No. 76 at 109.)

3  Pursuant to Reyes, there must be a sufficient connection between the claim in the appeal
4  and the unidentified defendant to provide prison officials with "notice of the alleged deprivation"
5  and an "opportunity to resolve it." 810 F.3d 659. Here, plaintiff's treatment under defendant
6  Rohlfing is for precisely the same issue that he complains unnamed physicians at HDSP are
7  inadequately addressing in HDSP-HC-12026681. Furthermore, Dr. Rohlfing participated in the
8  appeal process concerning this complaint, which was exhausted through the third level of review.
9  Thus, under these circumstances, where prison officials were put on notice about a particular
10 medical issue that their medical staff was indifferent too and a particular doctor is on the record
11 for having treated the inmate for that specific issue, the undersigned finds that there was sufficient
12 notice of an alleged deprivation.

13 Accordingly, the motion for summary judgment should be denied as to defendant
14 Rohlfing.

15 **C.     Claims against Defendants Kelsey and Ray**

16 Unlike the claims against defendants Lee, Rohlfing and Swingle, plaintiff did not just fail
17 to identify defendants Kelsey and Ray by name in his inmate grievances. Instead, plaintiff's
18 specific claim concerning an incident on June 9, 2013 was never even mentioned in any of the
19 eleven health care appeals that he filed during the relevant time period. Plaintiff does not contest
20 this. (See ECF No. 76.)

21 The only reference to this incident is in plaintiff's reply to the second level response to
22 appeal HDSP-HC-13026983. (ECF No. 71-3 at 55-56.) However, the initial grievance for this
23 specific appeal was filed on February 18, 2013, well before the alleged wrongdoing by defendants
24 Kelsey and Ray. Thus, both the first and second level of review concerning HDSP-HC-13026983
25 do not address this specific incident.

26 Administrative remedies that are not exhausted at **all three levels** of review may not be
27 considered appropriate exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b) ("Administrative
28 remedies shall not be considered exhausted relative to any new issue . . . later named by the

9

appellant that was not included in the originally submitted CDCR Form 602 . . . and addressed through all required levels of administrative review up to an including the third level."). See also Brazier v. Beard, 1:13-cv-00787-LJO-BMK, 2017 WL 202036, *3 (E.D. Cal. Jan. 17, 2017) (plaintiff did not raise claim until third level of review and therefore the court recommended dismissal).  So, while "[a]n [administrative] appeal need not lay out the facts, articulate legal theories, or demand particular relief[,]" Schultz v. Cal. Dept. of Corr., No. 1:11–cv–00988–LJO–MJS, 2013 WL 5883677, *2 (E.D. Cal. Oct. 30, 2013), all issues still must be raised at all levels of review in order to be considered exhausted by the courts.

Here, plaintiff admits that he never addressed the June 9, 2013 incident in a first or second level inmate appeal.  This is insufficient to exhaust administrative remedies.  Accordingly, the motion for summary judgment should be granted as to the claims against defendants Kelsey and Ray.

**IV.     Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment for failure to exhaust administrative remedies be granted in part and denied in part;

2. Defendants' motion for summary judgment concerning the claims against defendants Lee, Rohlfing, and Swingle should be denied;

3. Defendants' motion for summary judgment concerning the claims against defendants Kelsey and Ray should be granted; and

4. The claims against defendants' Kelsey and Ray for deliberate indifference to serious medical needs should be dismissed for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////

Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / fran.0057.msj.exh