UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. FRANKLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. FOULK, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0057 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding in pro se and in forma pauperis in an action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's motion for an extension of time to file objections to the courts findings and recommendations (ECF No. 108) and plaintiff's motion to appoint counsel (ECF No. 97).

**I.　　Motion for an Extension of Time**

Plaintiff requested an extension of time to file objections to the court's December 12, 2017, findings and recommendations. (ECF NO. 109.) Before the court ruled on his motion for an extension of time, plaintiff filed objections to the court's findings and recommendations. (ECF No. 110.) Accordingly, the court will deny as moot plaintiff's motion for an extension of time to file objections.

**II.　　Motion to Appoint Counsel**

Plaintiff requests that the court appoint counsel. (ECF No. 97.) In support of his motion

to appoint counsel plaintiff argues he is incarcerated, lacks income to employ counsel, has limited access to the law library, and has no legal education.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court finds that plaintiff has not established the existence of exceptional circumstances that would warrant the appointment of counsel because he has failed to allege facts showing anything more than circumstances common to most prisoners.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file objections (ECF No. 109) is denied as moot; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 97) is denied without prejudice.

Dated: February 7, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB12
DLB1/Orders/ Prisoner-civil rights/fran0057.eot4obj.31